DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

**CHRIS CARTY,**

      **Plaintiff,**

      v.

**WYNNIE TESTAMARK, DANA GRANT, BEN ADAMS, DIANE CHRISTIANE; DAVID ISAAC; J. SANTIAGO, D. BORROUGHS, and T. NURSE,**

      **Defendants.**

Civil Action No. 2023-0015

**Appearances:**
**Chris Carty,** *Pro Se*
St. Croix, U.S.V.I.

**Eric S Chancellor, Esq.**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Report and Recommendation (R&R) submitted by Magistrate Judge Ruth Miller on January 5, 2024. (Dkt. No. 104). Upon consideration of Plaintiff Chris Carty's ("Plaintiff") "Motion for a Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 5), Plaintiff's Memorandum in support thereof (Dkt. No. 11), Defendants Wynnie Testamark ("Testamark"), Dana Grant ("Grant"), Ben Adams ("Adams"), Diane Christiane ("Christiane"), David Isacc ("Isacc"), J. Santiago ("Santiago"), D. Borroughs ("Borroughs"), and T. Nurse's ("Nurse") (collectively, "Defendants") Opposition thereto (Dkt. No. 48), and Defendants' supplemental opposition (Dkt. No. 75), Magistrate Judge Miller recommends that Plaintiff's Motion be denied. Plaintiff has filed an Objection to the R&R. (Dkt.

No. 106). For the reasons that follow, the Court will adopt as modified herein Magistrate Judge Miller's R&R and will deny Plaintiff's Motion.

## I.   BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action against Defendants on March 31, 2023. (Dkt. No. 1). On this same date, Plaintiff filed a "Motion for a Temporary Restraining Order and Preliminary Injunction." (Dkt. No. 5). On April 5, 2023, Magistrate Judge Emile A. Henderson III issued an Order informing Plaintiff that his initial complaint lacked the documentation required for a prisoner to file a civil rights complaint. (Dkt. No. 6). Plaintiff subsequently filed an amended complaint (Dkt. No. 10), as well as a Memorandum in support of his Motion.[1] (Dkt. No. 11).

Plaintiff alleges that the events giving rise to his claims occurred at the John A. Bell Adult Correctional Facility ("JABF") on St. Croix, Virgin Islands. (Dkt. No. 10 at 2). Plaintiff asserts that he has been the victim of a myriad of constitutional violations while incarcerated at JABF.[2] *Id.* at 2, 5.

According to his allegations, Plaintiff complains of his continuous placement in solitary confinement; a conspiracy to tamper with his meals and water; confrontations with corrections officers, including excessive force and sexual harassment; denial of essential amenities, including meals, water, showers, medical care, legal materials, church services, and proper clothing; as well as a broader conspiracy between corrections officers and inmates to harm him. Plaintiff seeks

---

[1] Plaintiff's Memorandum in support of his Motion is largely duplicative of the Motion itself, but also contains additional factual allegations and legal assertions. *See* (Dkt. Nos. 5, 11).

[2] These include: Deprivation of all property; excessive use of force; segregated confinement; atypical and significant hardship; cruel and unusual punishment; denial of showers; denial of food; denial of recreation and exercise; denial of law library; personal safety; sexual abuse; tampering with food; denial of medical care; denial of mental health care; denial of church services; denial of programs/classes; denial of water/ice; denial of hygiene; and denial of his prescribed mattress. (Dkt. No. 10 at 2, 5).

compensatory and punitive damages against all Defendants. (Dkt. No. 10-1 at 11). Plaintiff also seeks a permanent injunction against Defendants to ensure that he receives all of his basic needs. *Id.* Plaintiff further requests that the injunction prohibit Defendants from tampering with his food; repeatedly using excessive force on him; sexually abusing him; conspiring against him; and causing him bodily harm. *Id.*

In the instant Motion, Plaintiff seeks a temporary restraining order and a preliminary injunction ensuring that he receives all of his basic needs and ensuring that appropriate measures are taken to stop his purported abuse at the hands of prison staff.[3] (Dkt. No. 11 at 1). Plaintiff argues that (1) he has been threatened with irreparable harm; (2) the balance of hardships favors him; (3) he is likely to succeed on the merits; and (4) the relief he seeks will serve the public interest. *Id.* at 1-3. In their Opposition, Defendants argue that the preliminary injunction should be denied because Plaintiff has failed to establish a substantial likelihood of success on the merits of his claim. (Dkt. No. 48 at 1).

On January 5, 2024, Magistrate Judge Miller issued the R&R recommending that Plaintiff's Motion be denied. (Dkt. No. 104 at 1). Magistrate Judge Miller found that Plaintiff had failed to show a reasonable likelihood of success on the merits of any of his various claims and failed to demonstrate irreparable harm. *Id.* at 21.

---

[3] The Court considers Plaintiff's Motion as a motion for a preliminary injunction—not a motion for a temporary restraining order—because Defendants have been given notice and an opportunity to respond to the Motion. *See Horn-Brichetto v. Smith*, No. 3:17-CV-163, 2019 U.S. Dist. LEXIS 29428, at *66-67 (E.D. Tenn. Feb. 25, 2019) (construing a plaintiff's motion for a temporary restraining order as a motion for a preliminary injunction because the defendants were afforded "sufficient opportunity to respond" before the Court's ruling); *see also TDBBS LLC v. Ethical Prods.*, No. CV-19-01312, 2019 U.S. Dist. LEXIS 32207, at *6 n.3 (D. Ariz. Feb. 28, 2019) (quoting Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 65, at 317 (2018)) ("In general, 'if a party says that it is seeking a TRO but actually gives proper notice to the adverse party, the court may choose to consider it as a motion for a preliminary injunction . . . .'").

Plaintiff filed a timely Objection to Magistrate Judge Miller's R&R. (Dkt. No. 106). The time has lapsed for Defendants to file a response to Plaintiff's Objection, and as such, the R&R is ripe for review.[4]

## II. STANDARD OF REVIEW

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); LRCi 72.3 ("Any party who objects to a Magistrate Judge's proposed findings, recommendations or report, shall file objections that specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection.").

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

---

[4] In his Objection, Plaintiff asserts that he is entitled to an evidentiary hearing regarding his request for a preliminary injunction. He is not so entitled because the Court finds that Plaintiff has failed to present colorable claims in support of his request for injunctive relief. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990) ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."); *see also Fenzi v. City of Las Vegas*, No. 15-058, 2016 U.S. Dist. LEXIS 192027, at *3 (D.N.M. Mar. 16, 2016) (internal quotation omitted) ("Injunctions may be denied without a hearing and based solely on the written evidence if receiving further evidence would be manifestly pointless."); *Nellson v. Barnhart*, No. 20-cv-00756, 2020 U.S. Dist. LEXIS 98112, at *14 (D. Colo. June 4, 2020) (finding no hearing was necessary to deny an inmate's request for a preliminary injunction against prison administrations because, *inter alia*, even with a hearing the plaintiff "would be unable to provide sufficient evidence to justify preliminary relief"); *Randell v. Rios*, No. SA-11-CA-432, 2011 U.S. Dist. LEXIS 160153, at *8-10 (W.D. Tex. Dec. 7, 2011) (concluding that no hearing was required to deny an inmate's request for a preliminary injunction against prisoner administrators despite the existence of disputed facts and explaining that a hearing is only required if it "will add anything material to the Court's consideration of the case.").

72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). *De novo* review of an objection to a report and recommendation is required "unless the objection is 'not timely or not specific.'" *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984)).

A district judge reviews any portion of a report and recommendation not objected to under the "plain error" standard of review. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the failure to file objections to a portion of a magistrate judge's report and recommendation waived the party's right to *de novo* review and the scope of review was to be "conducted under the far more deferential standard of 'plain error.'"); *see also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (footnote and citations omitted) ("If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006), *aff'd*, 276 F. App'x 125 (3d Cir. 2008)); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

Plaintiff timely raised four objections to Magistrate Judge Miller's R&R. (Dkt. No. 106). First, Plaintiff asserts that he opposes "all findings in the Magistrate Judge Ruth Miller Report and Recommendation[] [that] denied [him] preliminary [injunctive] relief," directing the Court to his exhibits as evidence that entitles him to such relief. *Id.* ¶ 2. Second, Plaintiff notes that, despite initially ordering Defendants to respond to Plaintiff's conspiracy claim, Magistrate Judge Miller

5

"failed" to "address such claim in her Report and Recommendation." *Id.* ¶ 3. Third, Plaintiff notes in opposition that if he is "having an issue he will address it with the prison administration" and, as such, the "theory that somehow [he] is the one [harming] himself" is "a lie and [a] sham" as he would "never ever refuse his basic needs." *Id.* ¶ 4. Finally, Plaintiff asserts that Defendants' "segregation records [are incomplete], with records missing," and accuses Defendants of "tampering & falsifying documents." *Id.* ¶ 5.

### A. Plaintiff's General Objection

The Court may afford *de novo* review to the issues raised in Plaintiff's Objection only to the extent that the objections therein are "specific." *Goney*, 749 F.2d at 7; *see also Palmer v. Apfel*, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998) ("General or blanket objections do not comply with Rule 72(b) and need not be addressed by the district court."). "[A] complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7. The Sixth Circuit has offered greater detail on why general objections do not trigger *de novo* review:

> The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

As such, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Id.*; *see also Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) ("As the District Court explained, to the extent Snyder failed to make specific objections to

6

portions of the R & R, the Court was not required to engage in *de novo* review."); *Lane v. Tavares*, No. 3:14-CV-991, 2016 WL 7118162, at *6 (M.D. Pa. Dec. 7, 2016) (reviewing an R&R for "clear error only" after determining that the defendant's objections failed to meet the requisite standards for specificity).

Here, Plaintiff's first objection—where he opposes "all findings" in the R&R that denied him preliminary injunctive relief—is a general objection. An objection is "general" when it does not identify specific findings in the report and recommendation that it opposes. *See Howard*, 932 F.2d at 507-08 (concluding that an objection was a general objection because the party merely asserted that it "now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief" without any citation to specific facts or concerns with the report and recommendation); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 375-76 (D. Del. 2014) (concluding that an objection was a general objection because the party's filing stated that it objected to "every issue" decided by the magistrate judge against the party without identifying the basis of such objections); *Evans v. White*, No. 3:16-CV-00547, 2016 WL 6679835, at *2 (M.D. Pa. Nov. 14, 2016) (determining that a party's objections were general objections lacking the requisite specificity because he merely recounted his initial claims and legal foundations without addressing the magistrate judge's specific findings); *Lane*, 2016 WL 7118162, at *5-6 (concluding that a party's "bare and conclusory statements without any legal support or citation" lacked the requisite specificity to trigger *de novo* review).

Much like the objections in these cases, Plaintiff's first objection is merely a blanket opposition to every issue addressed in the R&R that undergirds the denial of injunctive relief. In this objection, Plaintiff fails to cite any specific finding by Magistrate Judge Miller that he opposes. As such, this is a general objection and does not trigger *de novo* review.

7

**B. Plaintiff's Other Objections**

Plaintiff's subsequent objections are sufficiently specific to trigger *de novo* review for the issues raised therein. As a preliminary matter, the Court notes that "[n]ormally, filings by pro se litigants benefit from liberal construction." *Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732 at *1 n.1 (3d Cir. June 12, 2023). As such, in order to give proper effect to vague filings by *pro se* litigants, courts may construe these filings in light of the appropriate legal standard. *See Baker v. Klotoski*, No. CIV.A. 08-CV-4722, 2009 WL 650353, at *4 (E.D. Pa. Mar. 13, 2009) (interpreting a *pro se* plaintiff's complaint—raising a claim under the Fourth Amendment generally without specifying the exact Fourth Amendment challenge—as a claim alleging an unconstitutional search or seizure and applying the appropriate legal standard for such a claim); *Horan v. United States*, No. 4:CV-08-00529, 2009 WL 700630, at *7 (M.D. Pa. Mar. 12, 2009) (interpreting the *pro se* plaintiff's complaint to set forth the legally proper claims against the individual defendants, even though the complaint itself included only improper claims); *see also Davis v. Larkin*, No. CIV. 98-6231, 2000 WL 424268, at *5 (E.D. Pa. Apr. 19, 2000) (liberally construing a *pro se* plaintiff's objections to a report and recommendation).

In his Objection to the R&R, Plaintiff notes Magistrate Judge Miller's failure to address his conspiracy claims; rejects the theory that he is the one harming himself by refusing his basic needs; and asserts that Defendants' segregation records are incomplete and falsified. (Dkt. No. 106 ¶¶ 3-5). Benefitting from liberal construction, and in light of the legal standards guiding the preliminary injunction analysis, the Court will read these as objections to: (1) Magistrate Judge Miller's finding that that Plaintiff failed to demonstrate a likelihood of success on the merits of his

conspiracy claim[5] and (2) Magistrate Judge Miller's finding that Plaintiff failed to demonstrate irreparable harm.[6]

As construed, these objections satisfy the requisite standards of specificity. Plaintiff has identified specific portions of the R&R that he opposes and he has offered some basis for his opposition. *See, e.g., In re Excise Tax Litig.*, No. 3:19-CV-0118, 2022 WL 3543637, at *2 (D.V.I. Aug. 18, 2022), *rev'd and remanded on other grounds sub nom. Apex Constr. Co., Inc. v. United States Virgin Islands*, No. 22-2675, 2023 WL 5287668 (3d Cir. Aug. 17, 2023) (finding that a party's objections were sufficiently specific to trigger *de novo* review because the objections identified certain findings within the report and recommendation with which the party disagreed and provided arguments as to why these portions of the report and recommendation were erroneous).

\*       \*       \*

Accordingly, the Court will review *de novo* Plaintiff's conspiracy, self-harm and segregation records claims raised in his Objection. It will review the rest of Magistrate Judge Miller's R&R only for plain error. *See In re Excise Tax Litig.*, 2022 WL 3543637 at *9 (reviewing *de novo* the properly-objected-to portions of the report and recommendation while reviewing the rest of the report and recommendation only for plain error).

---

[5] Magistrate Judge Miller found that Plaintiff had not established a reasonable probability of success on the merits of his claims. (Dkt. No. 104 at 17). However, the R&R did not address Plaintiff's claim that a broader conspiracy exists against him between the corrections officers and inmates, in particular, Inmate Vidal. *See* (Dkt. No. 10 ¶ 39). As such, Plaintiff's second objection, (Dkt. No. 106 ¶ 3), may be liberally construed as an objection to the Magistrate Judge's analysis regarding the likelihood of Plaintiff's success on the merits of his conspiracy claim.

[6] Magistrate Judge Miller relied on the contested records to reach the conclusion that Plaintiff was refusing his basic needs, as part of her determination that Plaintiff had not suffered irreparable harm. (Dkt. No. 104 at 18-19). As such, Plaintiff's third and fourth objections (Dkt. No. 106 ¶¶ 4-5), may be liberally construed as objections to the R&R's analysis regarding irreparable harm.

### III. APPLICABLE LEGAL PRINCIPLES

"Preliminary injunctions provide a mechanism through which courts may enjoin a party either to perform a particular act or to refrain from performing the same during the pendency of litigation." *Boynes v. Limetree Bay Ventures, LLC*, No. CV 2021-0253, 2023 WL 3166603, at *3 (D.V.I. Apr. 28, 2023) (citing *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982)); *see also Davis v. Potter*, Civil Action No. 2022-0062, 2024 U.S. Dist. LEXIS 58664, at *12-14 (D.V.I. Mar. 30, 2024) (reviewing legal standard for preliminary injunctions). Notably, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008).

"A plaintiff seeking preliminary relief must show that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Beberman v. United States Dep't of State*, 675 F. App'x 131, 133 (3d Cir. 2017) (quoting *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014)). Movants seeking a mandatory injunction—injunctions that would change the status quo—bear a "'particularly heavy' burden . . . requiring them to show a substantial likelihood of success on the merits and that their 'right to relief [is] indisputably clear.'" *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir. 2020) (quoting *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994); *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013)); *see also C.G. by & through P.G. v. Saucon Valley Sch. Dist.*, 571 F. Supp. 3d 430, 438-39 (E.D. Pa. 2021) (explaining that mandatory injunctions seek to alter the status quo by commanding some positive action).

Likelihood of success on the merits and irreparable harm are "gateway factors" that the movant must establish at the outset. *Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny*

*Cnty.*, 39 F.4th 95, 102-103 (3d Cir. 2022); *see also Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018) ("The first two factors are prerequisites for a movant to prevail."); *Greater Philadelphia Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020) ("[T]he moving party must establish the first two factors."). Thus, a movant's failure to establish either of these factors ends the analysis; injunctive relief will not be available. *See Goldopp Energy, LLC v. Stewart*, No. 5:23-CV-02609, 2023 WL 4471694, at *2 (E.D. Pa. July 11, 2023) ("District courts need not assess the final two factors unless the moving party is able to establish the first two factors.")

If these two gateway factors are satisfied, a court then determines whether "all four factors, taken together, balance in favor of granting the requested preliminary relief." *Greater Philadelphia*, 949 F.3d at 133. However, "[t]he burden is on Plaintiffs to 'establish every element in [their] favor, or the grant of a preliminary injunction is inappropriate.'" *Donald J. Trump for President, Inc. v. Way*, 492 F. Supp. 3d 354, 363 (D.N.J. 2020) (quoting *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005)). Further, "because of the 'complex and intractable problems of prison administration,' a request for injunctive relief in the prison context must be viewed with caution and judicial restraint." *Macchione v. Coordinator Adm'r in Washington, D.C.*, 591 F. App'x 48, 50 (3d Cir. 2014) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

The Court will begin with a plain error review of the Magistrate Judge's findings on whether Plaintiff has demonstrated a likelihood of success on the merits of his claims, excluding his conspiracy claim. Next, it will conduct a *de novo* review of whether Plaintiff has demonstrated a likelihood of success on the merits of his conspiracy claim. Lastly, it will conduct a *de novo* review of whether Plaintiff has demonstrated irreparable harm.

### A. Likelihood of Success on the Merits

#### 1. Plain Error Review

Magistrate Judge Miller found that Plaintiff was not likely to succeed on the merits of any of his claims. (Dkt. No. 104 at 17). Plaintiff properly objected only to Magistrate Judge Miller's findings on his likelihood of success on the merits of his conspiracy claims. (Dkt. No. 106 ¶ 3). Thus, the Court will review the rest of Magistrate Judge Miller's findings on this issue for plain error.

A likelihood of success "does not mean more likely than not." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). However, "more than a mere possibility of relief is required." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "In other words, Plaintiffs must show that they have a substantial 'probability of success' on these claims, but not a 'certainty' that they will ultimately prevail." *Boynes v. Limetree Bay Ventures, LLC*, No. CV 2021-0253, 2023 WL 3166603, at *4 (D.V.I. Apr. 28, 2023) (quoting *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001); *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir. 2020)).

Magistrate Judge Miller separated Plaintiff's complaint into five claims—each under 42 U.S.C. § 1983. (Dkt. No. 104 at 9-17). These claims were: conditions of confinement claim under the Eighth Amendment; failure to treat claim under the Eighth Amendment; excessive force claim under the Eighth Amendment; sexual abuse and harassment claim under the Eighth Amendment; and procedural due process claim under the Fourteenth Amendment. The Court finds no plain error with this approach. *See Baker*, 2009 WL 650353, at *4 (interpreting a *pro se* plaintiff's complaint liberally under the appropriate constitutional legal standards). Magistrate Judge Miller concluded

that Plaintiff had not demonstrated a likelihood of success on the merits for any of these claims. (Dkt. No. 104 at 17).

First, to succeed on a conditions of confinement claim, a plaintiff must show that: (1) the conditions are, objectively, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities; and (2) the prison officials responsible acted with a deliberate indifference to the plaintiff's health or safety. *See Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372-73 (3d Cir. 2019). Here, Defendants have submitted substantial evidence demonstrating that, objectively, Plaintiff's conditions do not meet this high threshold. *See* (Dkt. No. 79-6) (a report from the Bureau of Corrections indicating that: Plaintiff's cell was specifically modified in order to curtail Plaintiff's attacks on others; Plaintiff's property was confiscated due to his acts of violence against staff; and Plaintiff is offered—but refuses—showers and recreation); (Dkt. No. 83) (segregation activity records for Plaintiff indicating that he receives three meals per day and regularly refuses showers and recreation). As such, the Court finds no plain error in Magistrate Judge Miller's determination that Plaintiff has not demonstrated a likelihood of success on the merits of his conditions of confinement claim.

Second, to succeed on a failure to treat claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.,* 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Here, the record shows that Plaintiff regularly receives treatment for his medical needs. *See* (Dkt. No. 48-1 ¶ 14) (an affidavit from Grant attesting that Plaintiff "is regularly examined and treated by medical staff for any ailment complained of"); (Dkt. No. 77-1) (nursing sick call note detailing medical care administered to Plaintiff); (Dkt. No. 78-4) (hospital record describing treatment for Plaintiff

following an altercation with corrections officers); (Dkt. No. 78-5) (medical records describing a medical examination of Plaintiff following such altercation). In light of this documentation, the Court finds no plain error in Magistrate Judge Miller's determination that Plaintiff has not demonstrated a likelihood of success on the merits of his claim for failure to treat.

Third, when evaluating an excessive force claim, the Court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Ringgold v. Keller*, 608 F. App'x 102, 104 (3d Cir. 2015) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)). Here, Defendants' evidence rebuts several of Plaintiff's allegations of excessive force used against him. *See* (Dkt. No. 50-1) (report by Grant indicating that Plaintiff was only peppered sprayed by Nurse after Plaintiff would not stop spraying Nurse with an unknown substance in a spray bottle); (Dkt. No. 78-2) (extraction order describing a calculated use of force against Plaintiff after Plaintiff physically assaulted corrections officers); (Dkt. No. 78-3) (use of force report documenting calculated use of force against Plaintiff). This is evidence that the applications of force described by Plaintiff occurred as a means of maintaining discipline at JABF. As such, the Court finds no plain error in Magistrate Judge Miller's determination that Plaintiff has not demonstrated a likelihood of success on the merits of his claim for excessive force.

Fourth, to establish a sexual harassment claim, a plaintiff must demonstrate that: (1) the conduct, objectively, rises to a level that is repugnant to the conscience of mankind; and (2) the official acted maliciously and sadistically for the purpose of causing harm, rather than for any legitimate penological purpose. *See Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018). Defendants' evidence suggests that the incident described by Plaintiff falls far short of the objective threshold required to sustain a sexual harassment claim. *See* (Dkt. No. 77-7) (notification to Plaintiff

informing him that his sexual harassment allegation has been investigated and that his allegation was determined to be unfounded); (Dkt. No. 78-1) (administrative investigation by the Bureau of Corrections concluding that a sexual harassment allegation by Plaintiff was unsubstantiated). As such, the Court finds no plain error in Magistrate Judge Miller's determination that Plaintiff has not demonstrated a likelihood of success on the merits of his sexual harassment claim.

Fifth, to succeed on a procedural due process claim in the prison context, a plaintiff must demonstrate that they have been "deprived of a legally cognizable liberty interest." *Murray v. Smithbower*, No. 21-2156, 2023 WL 5378839, at *3 (3d Cir. Aug. 22, 2023). "[S]uch a deprivation occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). While Plaintiff has been subjected to solitary confinement and has been restrained for most activities outside of his cell, Defendants have submitted substantial evidence justifying such conditions as a means of protecting corrections officers and inmates. *See* (Dkt. No. 48-1 ¶ 10) (a sworn affidavit from Grant attesting that Plaintiff is required to exit his cell in full restraints due to "his extremely violent tendencies, including his habit of throwing cocktails of urine and feces at staff and other inmates"), (Dkt. No. 79-6) (letter from Bureau of Corrections investigator explaining that Plaintiff is "currently in the Segregated Housing Unit due to him not being able to live in the General Population" and explaining that Plaintiff "has perpetrated some acts of violence including but not limited to throwing feces and other bodily fluids on staff").

This evidence indicates that the alleged hardships faced by Plaintiff at JABF are not atypical or significant in relation to the ordinary incidents of prison life when considered in the context of Plaintiff's disruptive behavior. As such, the Court finds no plain error in Magistrate

Judge Miller's determination that Plaintiff has not demonstrated a likelihood of success on the merits of his procedural due process claim.

In view of the foregoing, the Court concludes that Plaintiff has failed to show a likelihood of success on the merits of each of the five claims discussed above.

### 2. *De Novo* Review — Conspiracy Claim

Plaintiff has lodged a specific objection to Magistrate Judge Miller's finding that he failed to demonstrate a likelihood of success on the merits of his conspiracy claim. (Dkt. No. 106 ¶ 3). Accordingly, as discussed above, the Court will afford *de novo* review to this issue.

Plaintiff has alleged the existence of a conspiracy at JABF between the corrections officers and inmates to deprive Plaintiff of his constitutional rights. (Dkt. No. 10 ¶ 39). Magistrate Judge Miller did not address this allegation. Nonetheless, in addition to substantive constitutional claims, plaintiffs may bring conspiracy claims pursuant to Section 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (explaining that both state actors and private parties may be liable under Section 1983 for engaging in a conspiracy to deprive a plaintiff of his constitutional rights).

"To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (quoting *Adickes* 398 U.S. at 152). However, in order to succeed on a claim for conspiracy under Section 1983, there must be an "underlying constitutional violation." *Talley v. Varner*, 786 F. App'x 326, 329 (3d Cir. 2019); *see also Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) ("In order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right."); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (explaining that an action for conspiracy under Section 1983 "will stand

16

only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right.")

Here, as discussed in Section IV.A.1, *supra*, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his underlying constitutional claims. As such, at least for the purposes of the preliminary injunction, Plaintiff has not made a sufficient showing of an actual abridgment of a constitutional or federal right. Such an actual abridgment is a necessary element of a conspiracy claim under Section 1983. Without it, Plaintiff's conspiracy claim fails.

In view of the foregoing, the Court finds that Plaintiff is not likely to succeed on the merits of his conspiracy claim.

\*   \*   \*

Based on the Court's findings in Section IV.A.1 and Section IV.A.2, the Court concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits for any of his claims. Thus, Plaintiff has failed to satisfy the first requirement for a preliminary injunction.

### B. Irreparable Harm

Plaintiff's failure to show a likelihood of success on the merits of any of his claims is, standing alone, a sufficient basis to deny his request for preliminary injunctive relief. *See Holland*, 895 F.3d at 286 (explaining that likelihood of success on the merits and irreparable harm are "prerequisites for a movant to prevail"). In addition, Plaintiff's failure to show irreparable harm represents a separate and independent basis for denying preliminary injunctive relief, as reflected below in the Court's *de novo* review of this issue.

Plaintiff argues that he is threatened with irreparable harm through the continuing deprivation of his constitutional rights. (Dkt. No. 11 at 2). Plaintiff asserts that he is being denied all of his basic needs by staff and is being kept under torturous conditions in solitary confinement.

*Id.* at 1. Plaintiff explains that the harm he has suffered as a result is irreparable because of the nature of his injuries—specifically, his inability to take care of his personal hygiene, physical health, and mental health. *Id.* at 2.

Magistrate Judge Miller found that Plaintiff has not demonstrated irreparable harm. (Dkt. No. 104 at 17-21). She rested her finding on several grounds. First, Magistrate Judge Miller determined that Plaintiff's claimed irreparable harm is the same as the harm for which Plaintiff ultimately seeks monetary damages and prospective injunctive relief. Accordingly, she found that the existence of possible alternative remedies for Plaintiff's harm weighed against a finding that the harm was irreparable. *Id.* at 18. Second, Magistrate Judge Miller found that Plaintiff's allegations of irreparable harm were refuted by the record. *Id.* She cited evidence showing that Defendants have provided Plaintiff with all of his basic needs and that Plaintiff often refuses to take care of himself. *Id.* She also determined that the record did not support Plaintiff's claims about extreme weight loss, mental health deterioration, or the severity of his injuries following an altercation with corrections officers. *Id.* at 19. Third, Magistrate Judge Miller found that the injuries alleged by Plaintiff were not so peculiar in nature that Plaintiff could not be compensated for them following a resolution of this matter on the merits. *Id.* at 19-20.

A preliminary injunction "must protect a plaintiff from the cause of irreparable harm and nothing more." *I.M. Wilson, Inc. v. Grichko*, No. 18-CV-05194, 2019 WL 5394113, at *4 (E.D. Pa. Oct. 22, 2019). Irreparable harm is "potential harm [that] cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). To satisfy this gateway factor, a movant must show a "significant risk that he or she will experience harm that cannot be adequately compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). "This is not an

easy burden." *Id.* at 485. It requires that the movant demonstrate both a "presently existing actual threat," *Holiday Inns of America, Inc. v. B & B Corporation*, 409 F.2d 614, 618 (3d Cir. 1969), and that the threatened harm is "of a peculiar nature, [such] that compensation in money cannot atone for it" after the fact. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

When considering a preliminary injunction in the prison context, courts afford prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). As such, a prisoner's request for preliminary injunctive relief that would alter the policies and practices adopted by prison administrators must be addressed with "caution and judicial restraint." *Brathwaite v. Phelps*, 602 F. App'x 847, 850 (3d Cir. 2015); *see also Brightwell v. Lehman*, No. CIV A 03-205J, 2007 WL 543047, at *3 (W.D. Pa. Feb. 16, 2007) ("The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority . . . .").

Here, Defendants have provided substantial documentation indicating that Plaintiff is not suffering from a presently existing actual threat. Plaintiff's cell, which he describes as "torturous" (Dkt. No. 11 at 1), has been adapted specifically for him in accordance with Bureau of Corrections regulations, in light of Plaintiff's documented history of violence against corrections officers. (Dkt. No. 79-6). Segregation activity records reveal that Plaintiff routinely refuses amenities—such as showers and recreation—that would remedy much of the harm he alleges. (Dkt. No. 83). Further, while incarcerated, Plaintiff has routinely received health care to treat various ailments and injuries he has suffered. *E.g.,* (Dkt. No. 48-1 ¶ 14); (Dkt. No. 77-1); (Dkt. No. 78-5).

Thus, the record suggests that Plaintiff is not facing a presently existing actual threat which would warrant interference with the "broad discretionary authority" afforded to JABF's

administrators. *Brightwell*, 2007 WL 543047, at *3. The harms that Plaintiff claims are irreparable arise largely from the day-to-day management of JABF. The restrictions placed on Plaintiff by Defendants have been implemented to protect corrections officers and inmates from Plaintiff's "extremely violent tendencies." (Dkt. No. 48-1 ¶ 10). These are the exact type of measures—designed to "maintain institutional security"—which prison administrators may implement with "wide-ranging deference." *Bell*, 441 U.S. at 547.

Accordingly, the Court finds that Plaintiff has not established irreparable harm. Plaintiff's failure to establish either of the requisite gateway factors—likelihood of success on the merits or irreparable harm—constitutes two separate and independent reasons why he is not entitled to preliminary injunctive relief. *See Moses v. Lake*, No. 3:22-CV-0063, 2023 WL 4546242, at *10 (D.V.I. July 14, 2023) (denying a request for a preliminary injunction after finding the movant had failed to demonstrate a likelihood of success on the merits or irreparable harm).

## V. CONCLUSION

In view of the foregoing, the Court will adopt Magistrate Judge Miller's R&R as modified herein and deny Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction." (Dkt. No. 5).

An appropriate Order accompanies this Memorandum Opinion.

Date: August 15, 2024                    _____/s/_____
                                          WILMA A. LEWIS
                                          District Judge